Dear Mr. Cantrelle:
On behalf of the Lafourche Parish Public Library Board of Control ("Board"), you have requested an opinion of this office regarding the legal authority of the Lafourche Parish Government ("Parish") in controlling and directing the appropriations made to the Board.
According to your request, the Lafourche Parish Public Library passed a millage tax on July 19, 1997, for the purpose of acquiring, constructing, improving, maintaining and/or operating the Lafourche Parish Public Library and its branches. The tax went back to the voters with a decrease of two mills on October 15, 2005. On January 10, 2006, the Lafourche Parish Council passed a resolution authorizing the Lafourche Parish Government administration to enter into a purchase agreement with property owners to purchase certain old buildings/property in downtown Thibodaux for the purpose of constructing a new library facility. Although the Library Board understands that the Parish Council can supersede the Library Board's decision about purchasing a particular property for the library, the Board opposes the new site because it believes the project will cost more than what was allocated for the Thibodaux Library, forcing other programs to suffer and the Library Board to dramatically alter its budget.[1]
Specifically, you request the opinion of this office on whether the Parish can force the Board to spend more money than was originally allocated in the budget for any one project, and whether the Parish can force the Board to use its operating funds for the construction of a new library facility. Finally, you ask whether the Parish can force the Board to issue bonds to pay for the construction of the new library facility if current revenues are insufficient. *Page 2 
Previous Attorney General Opinions have opined that a library board of control is not a "special district" or a "creature of the legislature."[2] Rather, it is an agency of the parish, created by the governing authority of the parish, pursuant to authority granted by the legislature, for the purpose of operating and administering the parish library system on behalf of the police jury.[3] As such, the police jury retains general fiscal control over the library board of control.[4] Among those general powers retained by the police jury is the power to require a library board of control to submit proposed budgets and statements of expenditures.[5]
The library board's limited powers are clearly defined by La. R.S. 25:215(A), and only include the authority to adopt rules and regulations for its own government and that of the library and the selection and employment of certain personnel.[6]
In addition, when funds are specially budgeted by the police jury for library purposes under LSA-R.S. § 25:217, the police jury has both the legal authority and the responsibility to approve, disapprove or amend a budget adopted by the Board to the same extent that the police jury has those responsibilities as to its own budget.[7] Addressing the Police Jury's general budgetary and fiscal control over agencies created by it, LSA-R.S. § 33:1415(B) provides:
 [B]udgetary and fiscal control shall include, but not be limited to, approval of operating budgets with the right to veto or reduce line-items. In addition, no such agency or entity shall exercise any power or authority to submit to the people any proposal to levy any tax or issue any bonds unless the proposal therefore first has been submitted to and been approved by the governing authority of the parish or municipality. The parish or municipality shall exercise such other budgetary and fiscal controls as are necessary and proper to ensure the maximum feasible coordination of government on the local level.[8] *Page 3 
Based on the aforementioned statute, the Parish Council may amend the Board's budget, even forcing the Board to spend more or less than it originally budgeted, and, pursuant to the purpose of the July 19, 1997, tax proposal, the Parish Council may also amend the Library Board budget for the purpose of redirecting funds to acquire and construct a new library.
This office has previously opined that the proceeds of an ad valorem tax must be used in the manner set forth in the proposition approved by the electorate.[9] This proposition is codified as La. R.S. 39:704, which provides that "the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."[10] According to your request, the millage tax was levied for the purpose of "acquiring, constructing, improving, maintaining and/or operating the Lafourche Parish Public Library and its branches." As such, the proceeds received from the millage tax may be used for any of these stated purposes.
The Lafourche Parish Library Board is correct in its understanding that "the Parish Council can supersede the library board's decisions about purchasing a particular property for the library." In La. Atty. Gen. Op. No. 99-413, this office opined that the police jury, as governing authority of the Board, is the appropriate entity to acquire property and contract for the erection of buildings for library use.[11] Therefore, the authority to select and acquire the property rests with the police jury and not the Board, an agency of the police jury.[12]
However, the Parish cannot force the Board to issue bonds to fund the new library acquisition and construction, since the Board "is not designated a corporate body nor is it afforded the usual powers of a political subdivision such as the power to contract, levy taxes or to incur debts and issue bonds."[13] Any bond issuance must be made by the Parish Council and not the Library Board.
Accordingly, it is the opinion of this office that, pursuant to the July 19, 1997, tax proposal, the Lafourche Parish Council maintains the legal authority and control over the Library Board, as it relates to site selections and appropriations, and may direct or redirect appropriations as it deems fit subject to any specific tax dedication. *Page 4 
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _____________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General
[1] These facts are all taken from an April 25, 2006 letter to the Attorney General from Mr. James Cantrelle, President of the Lafourche Parish Public Library Board of Control.
[2] La. Atty. Gen. Op. Nos. 00-80, 83-766.
[3] See La. Const. Art. 6 § 44(2); La. Const. Art. 6 § 7; LSA-R.S. 25:211-223.
[4] La. Const. Art. VI § 15; La. Atty. Gen. Op. Nos. 00-80, 83-765, 04-0053.
[5] La. Atty. Gen. Op. Nos. 00-80, 83-766.
[6] LSA-R.S. § 25:215(A); La. Atty. Gen. Op. Nos. 00-80, 83-766.
[7] La. Atty. Gen. Op. No. 80-201.
[8] Id. (emphasis added).
[9] La. Atty. Gen. Op. Nos. 89-369, 98-287, 97-434, 96-494, 88-601.
[10] LSA-R.S. 39:704.
[11] La. Atty. Gen. Op. No. 99-413.
[12] Id.
[13] La. Atty. Gen. Op. Nos. 99-413, 96-476, 90-339, 83-766.